IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15–37–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| LAWRENCE LOCKARD, | |
| Defendant. | |

Before the Court is Defendant Lawrence Lockard's Motion for Early Termination of Supervised Release (Doc. 43). The United States objects. (Doc. 47.) On May 20, 2016, Lockard was sentenced to 6 months in custody, followed by five years of supervised release. Lockard's term of supervised release commenced on November 18, 2016. Lockard now requests early termination of his supervision before its automatic termination on or about November 17, 2021. (*See* Doc. 45 at 2.)

Federal law provides that a court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to

-1-

terminate a term of supervised release, a court shall consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564.

Here, "the history and characteristics of the defendant" counsel in favor of granting Lockard's motion. 18 U.S.C. § 3553(a)(1). Lockard has completed over two-thirds of his term of supervised release. He has fulfilled his full restitution obligations. He has met all expectations of his supervising probation officer, and has passed three polygraph examinations. Based on the results of his sex offender evaluation, the State of Montana did not require Lockard to register as a sex offender. (Doc. 44 at 3.)

The Government argues that mere compliance with the terms of supervision is not sufficient to justify early termination, as this is expected of all defendants. (Doc. 47 at 8.) While that may be true, the factors that warranted a downward variance—including Lockard's military service, stable homelife, and lack of criminal history—continue to be present and tilt the scales in Lockard's favor.

Finally, Lockard's age and current life condition assure the Court that the public is protected from any further crimes. 18 U.S.C. § 3553(a)(2)(C). Lockard is seventy-two, which classifies his recidivism risk as very low. *See* United States Sentencing Commission, the Effects of Aging on Recidivism Among Federal Offenders, pp. 22–27 (December 2017). Additionally, a recent serious health

complication has strengthened Lockard's commitment to "leav[ing] a positive impact on this world." (Doc. 45 at 3.) These factors compel the Court's conclusion that the interests of justice are served by Lockard's early release from supervision. Accordingly,

IT IS ORDERED that Lockard's Motion (Doc. 43) is GRANTED. The term of supervised released imposed by the May 20, 2016 Judgment (Doc. 31) is TERMINATED as of the date of this Order. Lockard is hereby DISCHARGED from the sentence of supervised release in this case.

DATED this 6th day of April, 2020.

_____
Dana L. Christensen, District Judge
United States District Court